United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL B. WILLIAMS,

    Petitioner,

vs.

AUDREY KING,

    Respondent.

    /

No. C 14-1831 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the ongoing proceedings in San Francisco County Superior Court to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 *et seq*. He also applied for leave to proceed in forma pauperis.

## BACKGROUND

Petitioner states he was convicted of rape in 1991 and served nine and a half years in state prison. He has been involuntarily detained since 2000 while he waits for a civil commitment trial under the SVPA. Petitioner states that in 2002, 2005, and 2012 probable cause hearings were held and probable cause was found to hold petitioner until trial.

## DISCUSSION

**A.    Standard of Review**

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus

1  shall "award the writ or issue an order directing the respondent to show cause why the writ
2  should not be granted, unless it appears from the application that the applicant or person
3  detained is not entitled thereto." 28 U.S.C. § 2243.

4  Section 2241 allows "the Supreme Court, any justice thereof, the district courts and
5  any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28
6  U.S.C. § 2241(a). A habeas petition under § 2241 is the appropriate vehicle for a challenge
7  to a person's detention when the person is in custody, but not pursuant to the judgment of a
8  state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial
9  detainee. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

10  **B.  Legal Claims**

11  Petitioner argues that his appointed counsel is ineffective and state officials have
12  been conspiring against him. As presented in his petition, these allegations do not state
13  claims for relief and are dismissed. However, underlying the petition is that petitioner has
14  been awaiting trial for nearly fourteen years which could potentially state a due process
15  claim.

16  Generally, under principles of comity and federalism, a federal court should not
17  interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief
18  absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).
19  Federal courts should not enjoin pending state criminal prosecutions absent a showing of
20  the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly
21  and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46,
22  53-54 (cost, anxiety and inconvenience of criminal defense not kind of special
23  circumstances or irreparable harm that would justify federal court intervention; statute must
24  be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is
25  applied). Abstention may be inappropriate in the "extraordinary circumstance" that (1) the
26  party seeking relief in federal court does not have an adequate remedy at law and will
27  suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d
28  1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is

incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973).

The court notes that petitioner previously filed a case in this court with the same allegations in 2009. *Williams v. Ahlin*, No. C 09-3642 MMC (PR). That case was properly dismissed pursuant to *Younger*, however several years have passed and based on petitioner's allegations he is still awaiting the civil commitment trial. While it is possible that this delay could be in part caused by petitioner's legal strategy and he has filed multiple appeals to the state court of appeal and state supreme court, this court will order service to review an answer from respondent regarding the status of this civil commitment case.[1]

## CONCLUSION

1. The motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

2. Petitioner's motion for service (Docket No. 3) is **GRANTED**.

3. The clerk shall serve by regular mail a copy of this order and the petition (Docket No. 1) and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

---

[1] In *Knight v. Ahlin*, No. 10-56211, slip op. at 4-6 (9th Cir. March 13, 2013), withdrawn, 714 F.3d 1117 (9th Cir. May 21, 2013), the Ninth Circuit held that *Younger* abstention did not require the district court to abstain from hearing a habeas petition from a pretrial detainee claiming extreme delay in the SVPA commitment proceedings. The *Knight* court reasoned that *Younger* abstention "fundamentally requires an ongoing state proceeding," *Knight*, slip op. at 5, whereas Knight's proceedings could not be characterized as "ongoing" due to the extreme delay and years of inaction. While *Knight* may not be cited as precedent as it was withdrawn, it is possible that the facts of the instant case would not warrant *Younger* abstention.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 19, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.14\Williams1831.osc.wpd

4