UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL B. WILLIAMS,
    Petitioner,

v.

AUDREY KING,
    Respondent.

Case No. 14-cv-01831-PJH

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY**

Petitioner proceeds with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the ongoing proceedings in San Francisco County Superior Court to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 et seq. The court ordered respondent to show cause why the writ should not be granted. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner states he was convicted of rape in 1991 and served nine and a half years in state prison. He has been involuntarily detained since 2000 while he waits for a civil commitment trial under the SVPA. Petitioner states that multiple probable cause hearings were held, and probable cause was found to hold petitioner as a Sexually Violent Predator ("SVP") until trial.

Petitioner filed this petition alleging that his appointed counsel was ineffective and that state officials had been conspiring against him. The court dismissed these claims, but found that underlying the claims was the fact that petitioner has been awaiting trial for nearly fourteen years which could potentially state a due process claim.

The court also noted that generally, under principles of comity and federalism, a

federal court should not interfere with ongoing state proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied). Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973).

In 2009, petitioner filed a case in this court with similar allegations. *Williams v. Ahlin*, No. C 09-3642 MMC (PR).[1] That case was properly dismissed pursuant to *Younger*, though several years have passed and based on petitioner's allegations he is still awaiting the civil commitment trial. The court previously noted that while it is possible that this delay could be in part caused by petitioner's legal strategy and he has filed multiple appeals to the state court of appeal and state supreme court, the court would order service to review an answer from respondent regarding the status of his civil commitment case.[2] Respondent has filed an answer and petitioner has filed a traverse.

---

[1] The Ninth Circuit denied petitioner's request for a certificate of appealability. Docket No. 15 in No. C 09-3642 MMC (PR).

[2] In *Knight v. Ahlin*, No. 10-56211, slip op. at 4-6 (9th Cir. March 13, 2013), *withdrawn*, 714 F.3d 1117 (9th Cir. May 21, 2013), the Ninth Circuit held that *Younger* abstention did not require the district court to abstain from hearing a habeas petition from a pretrial detainee claiming extreme delay in the SVPA commitment proceedings. The *Knight* court reasoned that *Younger* abstention "fundamentally requires an ongoing state proceeding," *Knight*, slip op. at 5, whereas Knight's proceedings could not be characterized as "ongoing" due to the extreme delay and years of inaction. While *Knight*

**FACTS**

On December 21, 2000, the San Francisco County District Attorney filed a petition in superior court alleging that petitioner was a SVP. Answer, Ex. A at 105. A probable cause hearing was held that same day and the court found probable cause that petitioner qualified as a SVP. *Id.*

On April 6, 2001, petitioner moved to set aside the probable cause determination. *Id.* at 106. In December 2002, the court again found probable cause that petitioner qualified as a SVP. *Id.* at 106. Trial was continued many times over the next three years at petitioner's request and at the request of the district attorney. *Id.* at 106-07. On September 12, 2005, petitioner moved for a new probable cause hearing, and on May 26, 2006, the court again found probable cause that petitioner was a SVP. *Id.* at 106-08.

The trial was continued several more times over the next few years. *Id.* at 63-109. On February 3, 2010, petitioner sought new evaluations and a new probable cause hearing pursuant to *In re Ronje*, 179 Cal. App. 4th 509 (2009). *Id.* at 57-62. On February 23, 2010, the court granted the motion and vacated the June 11, 2010, trial date. *Id.* at 49. New evaluations were prepared in May 2010. Petitioner requested several motions to continue and the probable cause hearing was set for April 26, 2012. *Id.* at 30-38. On March 6, 2012, petitioner filed a motion to dismiss for pretrial delay. Petition, Ex. B. The hearing began on April 26, 2012. The court denied the motion to dismiss and on October 9, 2012, found for the fourth time, probable cause that petitioner was a SVP. Answer, Ex. A at 105. On November 7, 2012, petitioner was appointed new defense counsel. *Id.* at 20. From December 5, 2012 to September 2014, petitioner moved to continue the trial at least nine times. *Id.* at 1-18. Petitioner has also filed approximately seven state habeas petitions with the California Court of Appeal and seven petitions with the California Supreme Court. Answer at 2-3.

---

may not be cited as precedent because it was withdrawn, it is possible that the facts of the instant case would not warrant *Younger* abstention.

**DISCUSSION**

As grounds for federal habeas relief, petitioner generally asserts that his due process rights have been violated because he has not yet been tried as an SVP.

**LEGAL STANDARD**

Under state law "[t]he SVPA does not specify a time by which a trial on a commitment proceeding under the SVPA must be commenced or concluded." *People v. Sanders*, 203 Cal. App. 4th 839, 846 (Cal. Ct. App. 2012); *see also Litmon v. Superior Court*, 123 Cal. App. 4th 1156, 1170-71 (Cal. Ct. App. 2004) ("the SVPA sets no time period within which the probable cause hearing preceding a recommitment must be held. And, once probable cause is found, the SVPA sets no time period within which the trial must be held . . . .") ; *see also Seeboth v. Allenby*, 789 F.3d 1099 (9th Cir. 2015) (lack of a time provision in the SVPA for recommitment trial does not deprive SVPs equal protection of the laws).

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." A speedy trial is a fundamental right guaranteed to the criminally accused by the Sixth Amendment and imposed on the states by the Due Process Clause. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). Since a commitment proceeding under the SVPA is not a criminal prosecution, the Sixth Amendment right to a speedy trial does not apply. *See United States v. Perry*, 788 F.2d 100, 118 (3d Cir. 1986) ("The speedy trial clause deals with the timeliness of criminal prosecutions, not civil commitment proceedings."); *see generally Kansas v. Hendricks*, 521 U.S. 346, 364-65 (1997) (the fact that state chose to afford persons undergoing SVP proceedings certain procedural and evidentiary protections applicable in criminal trials "does not transform a civil commitment proceeding into a criminal prosecution").

The Supreme Court has not addressed whether there is a due process right to a speedy civil commitment trial. Nevertheless, some courts have analyzed speedy trial claims in the SVPA commitment context under the four-part test set forth in *Barker v.*

*Wingo*, 407 U.S. 514, 530 (1972), for Sixth Amendment speedy trial claims.[3]  *See Page v. Lockyer*, 200 Fed. Appx. 727 (9th Cir. 2006) (analyzing and rejecting Sixth Amendment speedy trial claim from petitioner's SVPA commitment); *Coleman v. Mayberg*, 2005 WL 1876061, *6 (N.D. Cal. Aug. 8, 2005) (applying *Barker* analysis to find that five-year delay in holding commitment hearing did not violate petitioner's speedy trial rights); *People v. Litmon*, 162 Cal. App. 4th 383, 395-406 (2008) (finding that delay in bringing recommitment petition violated due process under *Barker* and *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *Sisneroz v. California*, 2009 WL 302280, *7-11 (E.D. Cal. Feb. 6, 2009) (denying claim that delay in bringing recommitment petition to trial violated due process because petitioner showed no prejudice).

**ANALYSIS**

Assuming there is a due process right to a speedy civil commitment trial and therefore considering the four *Barker* factors, as well as looking to record in this case, petitioner is not entitled to relief.  Respondent concedes and a review of the record supports that the thirteen-year delay at the time this petition was filed is lengthy and meets the first *Barker* factor.  The court will now look to the remaining three factors.

**Reasons for Delay**

With respect to the second *Barker* factor, the reason for the delay, much of it has been due to petitioner's actions.  The record reflects numerous continuances, and the majority of them were at petitioner's request.  Nor are there any indications or arguments that petitioner objected to any continuances requested by the district attorney.  Petitioner also requested new probable cause hearings, new evaluations, and filed numerous motions in the superior court, as well as more than ten habeas petitions in the California Court of Appeal and California Supreme Court.  In 2008, the district attorney filed a

---

[3] The four *Barker* factors are: (1) the length of the delay; (2) the reason for the delay; (3) the petitioner's assertion of his right; and (4) prejudice to the petitioner. *Barker*, 407 U.S. at 532.

motion to compel interviews because petitioner refused several times between 2005 and 2007 to be interviewed by state doctors for his evaluations.  Answer, Ex. A at 92-100. Petitioner also filed motions to disqualify the various trial judges on November 29, 2005 and August 9, 2014.  *Id.* at 4, 129-35.  Petitioner has also had multiple appointed attorneys and on October 9, 2008, filed a complaint against one attorney with the State Bar of California.  Docket No. 1 at 3, 14 in No. C 09-3642 MMC (PR).

Deliberate delay by the government "'to hamper the defense' weighs heavily against the prosecution." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (quoting *Barker*, 407 U.S. at 531).  "In contrast, delay caused by the defense weighs against the defendant . . . under standard waiver doctrine." *Id.*  Because defense attorneys act as a defendant's agent, and are not state actors, "delay caused by the defendant's counsel is also charged against the defendant" whether counsel is privately retained or appointed by the state. *Id.* at 90-91; *see also United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir. 1997) (no due process violation where defendant failed to object to continuances).

Moreover, while petitioner has presented general arguments in his petition and traverse that his due process rights have been violated, he has failed to present specific arguments concerning his right to a speedy trial.[4]  Nor has petitioner addressed the specific arguments raised in respondent's answer attributing the delay in commencing the trial to petitioner.  A review of the record demonstrates that the reasons for delay are due to petitioner's actions and the actions of his counsel, not the district attorney's actions, thus this *Barker* factor weighs against petitioner.

**Assertion of the Right**

With respect to the third *Barker* factor, petitioner's assertion of his right to a speedy trial, petitioner first asserted his right on March 6, 2012, when he filed a motion to dismiss for delay in the superior court.  Prior to that date, there is no record of petitioner objecting in the superior court to the delay.  Petitioner's 2009 federal habeas petition in

---

[4] The majority of petitioner's traverse challenges the general constitutionality of California's SVPA law.

No. C 09-3642 MMC (PR) contains a general due process claim but does not specifically describe how the delays in his trial were violating his due process rights. Regardless, the court will assume that petitioner first asserted his right to a speedy trial in 2009.

A petitioner's assertion of his speedy trial right is "entitled to strong evidentiary weight in determining whether the [petitioner] [was] deprived of the right." *Barker*, 407 U.S. at 531-32. The "failure to assert the right will make it difficult for a [petitioner] to prove that he was denied a speedy trial." *Id.* at 532. "[I]f delay is attributable to the [petitioner], then his waiver may be given effect under standard waiver doctrine." *Id.* at 529. However, even repeated assertions of a petitioner's speedy trial right must be viewed in light of the petitioner's other conduct. *United States v. Loud Hawk*, 474 U.S. 302, 314-15 (1986). A petitioner may not establish that he appropriately asserted his speedy trial right when at the same time he was asserting the right he was filing motions and appeals that contributed to the delay in his trial. *See id.* at 314-15 (finding defendants' repeated assertions of their speedy trial rights were contradicted by their filings of frivolous petitions in the appellate courts and of repeated and unsuccessful motions in the trial court, which contributed to delay in their trial).

The nine-year delay before petitioner first asserted his right to a speedy trial weighs against him, as does his conduct after asserting the right. He continued to request continuances and filed multiple motions in the superior court as well as numerous appeals in higher courts. In 2010 he sought new evaluations and a new probable cause hearing, both of which further delayed the proceedings. In light of the nine-year delay before petitioner first asserted his speedy trial right and considering petitioner's conduct after asserting the right, the third *Barker* factor weighs heavily against him.

**Prejudice**

With respect to the fourth *Barker* factor, prejudice to petitioner, he must demonstrate that he was prejudiced by the delay. While prejudice should be presumed if respondent is responsible for the delay, in this case, where petitioner is responsible for the delay, then he must demonstrate actual prejudice. *United States v. Aquirre*, 994 F.2d

7

1454, 1457-58 (9th Cir. 1993). Actual prejudice can be shown in three ways: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the accused's defense will be impaired. *Barker*, 407 U.S. at 532.

Respondent set forth these standards and relevant case law in the answer to the habeas petition; however, petitioner has failed to present any arguments regarding how he has been prejudiced by the delay. Nor does a review of the record in this case demonstrate actual prejudice. There are no allegations of oppressive pretrial, incarceration and the conditions of civil commitment are less restrictive than prison incarceration. In addition, petitioner also has the ability to receive treatment from the hospital where he is committed. Nor has petitioner demonstrated any anxiety or concern and if he had made such a showing, much of the delay has been attributed to him. Finally, petitioner has not shown that his defense has been impaired by the delay. In fact, the delay could benefit petitioner if he avails himself of the treatment at the hospital and he has received updated evaluations following several years of commitment that could reflect positive aspects from his treatment.

Petitioner has failed to demonstrate prejudice, and thus this final *Barker* factor is not met. Petitioner has not shown a speedy trial violation for all the reasons discussed above. Thus, there has been no due process violation despite the delay.[5] If petitioner is civilly committed after trial, he may file a habeas petition once he has properly exhausted the claims.[6]

**APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a

---

[5] Due to petitioner being responsible for much of the delay, there is no evidence that he has demanded a trial and the state has refused to allow him his day in court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973) (noting that federal intervention is appropriate where petitioner seeks state court trial, but prosecution refuses to bring him to trial). For relief in this petition, petitioner sought to have his ongoing civil commitment petition vacated. Petition at 8.
[6] In the alternative, the court finds that after reviewing the pleadings and state court records, this case may also be dismissed due to *Younger* abstention as a review of the records does not demonstrate extraordinary circumstances for intervention.

district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

To obtain a COA, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard.  Here, the court finds that petitioner's sole claim in the petition meets the above standard and accordingly GRANTS the COA. *See generally Miller-El*, 537 U.S. at 327.

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Petitioner is cautioned that the court's ruling on the certificate of appealability does not relieve him of the obligation to file a timely notice of appeal if he wishes to appeal.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

A certificate of appealability is **GRANTED**.  *See* Rule11(a) of the Rules Governing Section 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 8, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

T:\PJHALL\_psp\2014\2014_01831_Williams_v_King_(PSP)\14-cv-01831-PJH-_hc.docx

9

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT  NORTHERN DISTRICT OF CALIFORNIA | |

MICHAEL B. WILLIAMS,

    Plaintiff,

  v.

AUDREY KING,

    Defendant.

Case No. 14-cv-01831-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael B. Williams ID: 542-1
24511 West Jayne Avenue
Post Office Box 5003
Coalinga, CA 93210-5003

Dated: September 8, 2015

                                    Susan Y. Soong
                                    Clerk, United States District Court

                                  By: *Nichole Peric*
                                  Nichole Peric, Deputy Clerk to the
                                  Honorable PHYLLIS J. HAMILTON