UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL B. WILLIAMS,
    Petitioner,

v.

AUDREY KING,
    Respondent.

Case No. 14-cv-01831-PJH

**ORDER DENYING MOTION FOR RELIEF FROM THE JUDGMENT**

Re: Dkt. No. 18

    Petitioner brought a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the ongoing proceedings in San Francisco County Superior Court to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), *see* Cal. Welf. & Inst. Code § 6600 et seq.  The court denied the petition on the merits.  Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

    Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered.  *See* Fed. R. Civ. P. 60(b).  A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation, *see id.*; therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a Rule 60(b) motion.  *See Hook v. Arizona Dep't of Corrections*, 107 F.3d 1397, 1404 (9th Cir. 1997).

    Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's

decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006) (denying reconsideration to a party who had settled and then discovered that her attorney had made legal errors in advising her to settle).

Petitioner presents similar arguments from his petition that the court already addressed and denied. He also argues that he is entitled to relief pursuant to *McNeil v. Director, Patuxent Institution*, 407 U.S. 245 (1972). In *Mcneil*, the Court found that an inmate's continued detention beyond the termination of his sentence may violate the Fourteenth Amendment's Due Process Clause. *Id.* at 246.

In this case, petitioner is being held under the SVPA and is not entitled to relief. "The SVPA does not specify a time by which a trial on a commitment proceeding under the SVPA must be commenced or concluded." *People v. Sanders*, 203 Cal. App. 4th 839, 846 (Cal. Ct. App. 2012); *see also Litmon v. Superior Court*, 123 Cal. App. 4th 1156, 1170-71 (Cal. Ct. App. 2004) ("the SVPA sets no time period within which the probable cause hearing preceding a recommitment must be held. And, once probable cause is found, the SVPA sets no time period within which the trial must be held . . . .") ; *see also Seeboth v. Allenby*, 789 F.3d 1099 (9th Cir. 2015) (lack of a time provision in the SVPA for recommitment trial does not deprive SVPs equal protection of the laws). Petitioner presents no other arguments to entitle him to relief under Fed. R. Civ. P. 60(b).

**CONCLUSION**

Petitioner's motion for relief from judgment (Docket No. 18) is **DENIED**. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: December 8, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

\\CANDOAK\Data\Users\PJHALL\_psp\2014\2014_01831_Williams_v_King_(PSP)\14-cv-01831-PJH-_60b.docx